IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jabbar J. Straws, #231018,<br><br>       Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections and William R. Byars, Jr.,<br><br>       Defendants. | )  C/A No. 5:13-1802-TMC-KDW<br>)<br>)<br>)<br>)  Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

  Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging Defendants violated his constitutional rights. This matter is before the court on cross motions for summary judgment. Plaintiff filed a Motion for Summary Judgment on December 5, 2013, ECF No. 41, to which Defendants responded on January 7, 2014, ECF No. 44. Plaintiff filed a reply in support of his Motion. ECF No. 49. Defendants filed a Motion for Summary Judgment on January 7, 2014. ECF No. 50. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on January 7, 2014, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF No. 51. Plaintiff filed a Response in Opposition to Defendants' Motion for Summary Judgment on February 11, 2014, ECF No. 54, to which Defendants replied on March 3, 2014, ECF No. 62. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because the Motions are dispositive, a Report and Recommendation is entered for the court's review.

 I.  Background

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Plaintiff Jabbar J. Straws was incarcerated at SCDC's Lee Correctional Institute ("LCI") from July 25, 2006, until transferred to Perry Correctional Institute ("PCI") on November 10, 2010. Aff. of Warden Stevenson at ¶ 5, ECF No. 50-9. On February 2, 2011, Plaintiff was transferred from PCI to Broad River Correctional Institute ("BRCI") where he is currently incarcerated. *Id.* Plaintiff filed his Complaint in state court on April 19, 2013, alleging constitutional and other deprivations against Defendants for discrimination, cruel and unusual punishment, denial of exercise, and denial of adequate meals. ECF No. 1-1 at 2. Defendants removed the case to federal court on July 1, 2013. ECF No. 1 at 2.

Plaintiff makes specific complaints concerning three different SCDC Institutions. ECF 1-1 at 3-5. Under "Lee CI.," Plaintiff complains he was denied out-of-cell exercise, adequate meals, and showers; was assaulted by a correctional officer; and was forced to deal with a "broken grievance process." *Id.* at 3. Under "Perry CI.," Plaintiff claims he was denied out-of-cell exercise and adequate meals; suffered a loss of property; and was forced to deal with "broken grievance process." *Id.* at 4. Finally, under "Broadriver C.I.," Plaintiff claims he was "discriminated against on disciplinary action [and] unjustly placed on lock up or SMU (the Hole);" denied out-of-cell exercise and adequate meals; and is forced to deal with a "broken grievance process." *Id.* at 4. With regard to the meals, Plaintiff claims that he was subjected to inadequate meals while being housed in SMU and forced to eat half-cooked rice, drink spoiled milk, and sometimes eat spoiled meat. *Id.* at 3.

Plaintiff contends that the type of mistreatment he is receiving "has begun to take a toll on his sanity." *Id.* at 5. Further, he states that he has witnessed two prisoners take their own lives and has witnessed "many others make attempts." *Id.* Plaintiff claims that he is reaching out to the

court for help and attempting to resolve these issues in a responsible manner. *Id.* In his Amended Complaint, Plaintiff makes a claim against SCDC for "condoning and promoting homosexuality." *Id.* at 7. Specifically, Plaintiff claims that two male prisoners who are caught in a sexual act go unpunished while a prisoner who is "accused of ejaculating off [to] a female employee he is punished with loss of good time, loss of privileges, thrown in the hole, and forced to wear a pink jumpsuit. (The pink suit is used as a form of punishment to humiliate)." *Id.* In later supplemental pleadings, Plaintiff added William R. Byars Jr., Director of SCDC, as a Defendant in his individual capacity for negligence. ECF No. 1-4. Plaintiff seeks a jury trial, an order from the court instructing Defendants to restore Plaintiff's privileges in full, and $25,000 "or whatever the court may see fit" for his pain and suffering. *Id.*

II.     Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the

evidence and arguments submitted, the undersigned recommends that Defendants' Motion, ECF No. 50, be granted, and Plaintiff's Motion, ECF No. 41, be denied.

III.   Analysis

   A.   Compliance with Rule 8, Federal Rules of Civil Procedure

Defendants maintain that the claims alleged in Plaintiff's Complaint are vague in nature and are simply bald conclusory allegations that fail to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. ECF No. 50-1 at 2. Defendants rely on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to support this argument. *Id.* at 2-5. In his Response to Defendants' Motion, Plaintiff argues his Complaint met the requirements of Rule 8 of the Federal Rules of Civil Procedure. ECF No 54 at 1. Plaintiff instructs the court to examine the grievances he filed and letters he wrote to Defendant Byars. *Id.* at 3, 6. In his response, Plaintiff attached 389 pages of supporting documents including grievance forms, incident reports, menus, court filings, interview notes, daily health evaluations, medical records, and other materials. *See* ECF Nos. 54-1 through 54-15. In Reply, Defendants argue that Plaintiff has still not come forth with specific evidence that supports his claims. ECF No. 62 at 3. Moreover, Defendants argue that Plaintiff's references to "grievances" and "medical records" without citing to specific documents or page numbers fail to comply with Local Civil Rule 7.06 (D.S.C.). *Id.* at 3-4.

Rule 8 of the Federal Rules of Civil Procedure requires that complaints shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose behind Rule 8 is to give the defendant fair notice of the claims and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause

4

of action will not do. . . ." *Id.* The factual allegations must be enough to raise a right to relief above the speculative level. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The *Twombly* Court noted that defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved in the alleged conspiracies." *Twombly*, 550 U.S. at 565 n.10. However, *Twombly* did not expressly hold that a Plaintiff must assert specific time, place, and persons involved in order to comply with Rule 8. *See Ashcroft*, 556 U.S. at 678 (internal *Twombly* citation omitted) ("As the Court held in *Twombly,* [] the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 325 (2d Cir. 2010) (finding the *Twombly* court noted, in dicta, that the pleadings there mentioned no specific time, place, or person involved in the alleged conspiracies and rejected defendants' argument that *Twombly* requires a plaintiff identify the specific time, place, or person related to each conspiracy allegation); *Milliken & Co. v. CNA Holdings, Inc.*, 3:08-CV-578-RV, 2011 WL 3444013, at *5 (W.D.N.C. Aug. 8, 2011) (finding other courts have held a plaintiff can survive a motion to dismiss even though he fails to answer who, what, when and where).

However, Plaintiff is proceeding pro se in this case. Pro se complaints should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). Dismissal of a pro se complaint for failure to state a valid claim is only appropriate when, after applying this liberal construction, it appears

5

"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519 (1972). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dept of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Defendants argue Plaintiff's Complaint should be dismissed in its entirety for failure to satisfy Rule 8's pleading requirements. The undersigned finds that Plaintiff's Complaint fails to meet the requirements of Rule 8, Federal Rules of Civil Procedure, for his claims of "assault,"[2] "broken grievance process," "discriminated against on disciplinary action," and loss of personal property only. On his assault allegation, Plaintiff states only that "he has been assaulted at [LCI] by a Sergeant which has now made Lieutenant." ECF No. 1 at 3. Plaintiff does not indicate the manner in which he was assaulted, the circumstances of the assault, by whom he was assaulted, nor does he explain the injuries he incurred as a result of the alleged assault. Regarding Plaintiff's cause of action for a broken grievance process, Plaintiff simply writes "Broken Grievance Process" twice in his Complaint. However, Plaintiff fails to state facts giving rise to such a cause of action nor does he explain what is meant by that allegation.[3]  Additionally,

---

[2] Defendants allege that Plaintiff's assault claim is barred under the doctrine of res judicata and/or issue preclusion as well as the applicable statute of limitations. Specifically, Defendants argue that Plaintiff may be attempting to reassert a claim previously decided by this Court in *Straws v. Roach*, No. 5:11-cv-00132-TMC-KDW. Based on the facts Plaintiff asserted, the undersigned is unable to determine whether he is attempting to re-litigate the prior assault claim here.  Therefore, the undersigned recommends dismissing Plaintiff's assault claim for failure to comply with Rule 8 of the Federal Rules of Civil Procedure rather than the doctrine of res judicata.

[3] To the extent the court wishes to address Plaintiff's grievance process allegations, the undersigned finds that Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983, and recommends that summary judgment be granted to Defendants on this claim. Plaintiff is not entitled to a constitutionally protected right to a grievance procedure.  *See e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures

Plaintiff states that he is "subject to discrimination and cruel and unusual punishment;" however, he does not state the basis of the discrimination or why it was unjust to place him in lock down. ECF 1-1 at 2. While at PCI, Plaintiff maintains he suffered a loss of property, including pictures of his children and obituaries of his mother and grandparents, when officials went through his property without him being present. *Id.* at 4. Though Plaintiff may have pleaded *sufficient facts* to meet Rule 8 requirements concerning his loss of property cause of action, *Plaintiff's specific cause of action* concerning his lost property is unclear. On the property claim Plaintiff failed to include the necessary elements of the cause of action to put Defendants on notice of the claim against them and defend it.[4]

Though Plaintiff offers a more detailed account of the facts in his opposition to Defendants' Motion for Summary Judgment, Rule 8 requires that the "pleading" or complaint

---

or access to any such procedure voluntarily established by a state."); *Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2011) (holding prisoners do not have a constitutional right of access to the grievance process); *see also Blagman v. White*, 112 F. Supp. 2d 534, 542-43 (E.D. Va. 2000) aff'd, 3 F. App'x 23 (4th Cir. 2001) (holding the lack of a grievance process causes no injury to their constitutional right of access to the courts); *Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").

[4] Plaintiff's property loss allegation is not a cognizable claim under § 1983 when the state provides post-deprivations procedures to secure the return of personal property or compensate for the loss. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984) ("[E]ven if petitioner intentionally destroyed respondent's personal property during the challenged shakedown search, the destruction did not violate the Due Process Clause of the Fourteenth Amendment since the Commonwealth of Virginia has provided respondent an adequate postdeprivation remedy."); *Yates v. Jamison*, 782 F.2d 1182, 1183-85 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law provides the plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state or a state agency). Here, Plaintiff has a remedy for the loss of his personal property under the South Carolina Tort Claims Act. *See Samuel v. Ozmint*, 3:07-CV-178-PMD-JRM, 2008 WL 512736 (D.S.C. Feb. 25, 2008). Therefore, Plaintiff's deprivation of personal property claim could be dismissed because it is not a cognizable cause of action under § 1983. However, based on the vagueness as to what cause of action Plaintiff pleaded in his Complaint with regard to the deprivation of property claim, the undersigned recommends the claim be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

contain facts sufficient to put Defendants on fair notice of the claims against them and the grounds upon which the claims rests. *Miller v. Terramite Corp.*, 114 F. App'x 536, 542 (4th Cir. 2004) (finding the district court correctly concluded that plaintiff's claim that a knee condition was a disabling condition first raised in opposition to summary judgment was "untimely and that the opposing party would be prejudiced by inadequate notice if this claim were considered in opposition to the summary judgment motion."). Simply put, Plaintiff's more specific account of the incidents giving rise to his Complaint comes too late when filed in a response to a summary judgment motion. The undersigned notes that Plaintiff attached voluminous materials in support of his Opposition to Defendants' Motion for Summary Judgment. However, as Defendants noted, Plaintiff has failed to comply with Local Civil Rule 7.06 (D.S.C.) which requires that responses to motions be "supported by discovery material [and] specify with particularity the portion of the discovery material relied upon in support of counsel's position, summarize the material in support of counsel's position, and shall attach relevant portions of the discovery material or deposition." Plaintiff did not file these supporting documents with his Complaint, and, in violation of Local Rule 7.06, Plaintiff has failed to cite to particular documents in his response. *See e.g., Alston v. GE Gas Turbines (Greenville), LLC*, C.A.6:08-2897-HMH-BHH, 2009 WL 4016516, at *5 (D.S.C. Nov. 18, 2009) ("Although constrained to liberally construe his pleadings, as a pro se plaintiff, the Court will neither strain to discover a factual predicate for his claims, which the plaintiff himself has not offered even in a conclusory fashion, nor will it look for evidentiary support for the same."); *Daniel v. Pickens Cnty. Sheriff Dep't*, C.A. 8:07-4146-HMH-BHH, 2009 WL 2394343, at *10 (D.S.C. July 31, 2009) (noting the local rules require

8

parties to specify the portion of the discovery material relied upon in support of a position and finding "[i]t is not the Court's responsibility to comb the voluminous record for issues of fact.").

Plaintiff's Complaint lacks the particularity required under Rule 8 concerning his causes of action for "assault," "broken grievance process," "discriminated against on disciplinary action," [5] and loss of personal property claims. Even under the liberal construction standard for pro se complaints, Plaintiff's pleadings fall short of the Rule 8 standard as expounded by *Twombly* and *Iqbal*. Accordingly, the undersigned recommends these causes of action be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

Though Plaintiff's other allegations are broad and omit time, place, and circumstances of the cause of action, they technically meet Rule 8 requirements.  Notably, Plaintiff is not bringing suit against SCDC personnel involved in the incidents; rather he is bringing suit against SCDC and Defendant Byars for negligence. Plaintiff explains how his constitutional rights were violated with regard to prison conditions. Specifically, Plaintiff states sufficient facts concerning his alleged deprivations of adequate food, exercise, and shelter.  Based on the liberal

---

[5] Alternatively, even if Rule 8 is considered to have been satisfied, the undersigned recommends granting Defendants' summary judgment motion because Plaintiff's disciplinary cause of action is not a cognizable § 1983 cause of action. Plaintiff's Complaint alleges he was discriminated against in a disciplinary action and unjustly placed on lock-up or SMU (the Hole). ECF No. 1 at 4. In their Motion, Defendants argue that Plaintiff's claim should be dismissed because he has no constitutional right to a particular housing classification. ECF No. 50 at 19. Further, Defendants maintain that Plaintiff cannot challenge a disciplinary conviction in a §1983 action. *Id.* at 20. In Reply, Plaintiff offers reasons why Defendants handled his disciplinary action improperly. ECF No. 54 at 15-18. Even considering those allegations, Plaintiff's cause of action fails. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). The *Heck* holding was extended to the context of inmate disciplinary convictions in *Edwards v. Balisok*, 520 U.S. 641 (1997). Here, there is no evidence that Plaintiff's disciplinary action was overturned.  Therefore, a § 1983 challenge is barred. *Battle v. Eagleton*, 8:07-CV-1841-GRA-BHH, 2008 WL 2952349, at *5 (D.S.C. July 28, 2008) (4th Cir. 2009) ("A prisoner cannot bring a § 1983 action challenging a disciplinary proceeding resulting in the loss of good-time credits if the possible relief would necessarily imply the invalidity of the punishment imposed, unless the disciplinary action was previously invalidated.").

construction requirement for pro se plaintiffs, the undersigned finds that Plaintiff met the Rule 8 requirement for causes of action concerning prison conditions. Therefore, the undersigned addresses these causes of action herein without summarily dismissing them for failure to comply with Rule 8.

B. Conditions-of-Confinement Claims: exercise, food, and shower access

Defendants argue that the conditions-of-confinement allegations raised in Plaintiff's Complaint do not rise to the level of constitutional deprivation under the Eighth Amendment, making summary judgment appropriate. ECF No. 50-1 at 5. In support of this argument, Defendants offer the affidavit of Robert Stevenson, Warden of BRCI. ECF 50-9. Additionally, Defendants reference Affidavits of Bruce Oberman, SMU Administrator at LCI, and Anthony Padula, Warden of LCI, both filed in another case Plaintiff previously had before the court. *Id.* (citing 5:11-cv-00132-TMC-KDW). The undersigned will address each prison condition in turn.

1. Exercise

Defendants assert that Plaintiff has failed to demonstrate that the purported periods of reduced access to out-of-cell recreation rose to the level of a constitutional deprivation. ECF No. 50-1 at 8. Plaintiff responds by asserting that he was denied his constitutional right to one hour of out-of-cell exercise a day. ECF No. 54 at 7. Specifically, Plaintiff claims that there have been long periods of time when he has gone without exercise. *Id.* at 8-9. Plaintiff claims that he went 82 hours without exercise while housed at PCI. *Id.* at 9.

In order to state an Eighth Amendment violation with respect to prison conditions, a prisoner must show: "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d

820, 824 (4th Cir. 1991). To establish the subjective component of a conditions-of-confinement claim, a prisoner must show that prison officials acted with deliberate indifference—that is, the prisoner must show the officials acted with more than mere negligence but less then malice. *See Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *see also Farmer v. Brennan*, 511 U.S. 825, 835–37 (1994). For the objective component of a conditions-of-confinement claim, the prisoner must demonstrate an extreme deprivation of his rights. *See Williams v. Branker*, 462 F. App'x. 348, 353 (4th Cir. 2012).

      The conditions of confinement of which Plaintiff complains do not rise to the level of an Eighth Amendment violation. Here, Warden Stevenson explains that when an inmate is housed in the BRCI's general population, he is provided with adequate outside and inside recreational time. Stevenson Aff. ¶ 6, ECF No. 50-9. When the prison population is on "locked-down" status, for security and safety concerns, the movement of the inmates is limited. *Id.* ¶¶ 7, 8. While an inmate is housed in the Special Management Unit "SMU" for disciplinary or other reasons, his movement is similarly limited. *Id.* ¶ 9. However, the Fourth Circuit has held that the restrictive conditions of high security incarceration do not rise to the level of cruel and unusual punishment. *In re Long Term Administrative Segregation of Inmates Designated as Five Percenters,* 174 F.3d 464, 471 (4th Cir.1999) ("These conditions are indeed restrictive, but the restrictive nature of high-security incarceration alone does not constitute cruel and unusual punishment."). The undersigned finds that Plaintiff has failed to offer any evidence of deliberate indifference concerning Plaintiff's denial of out-of-cell exercise claim nor has Plaintiff demonstrated an extreme deprivation of his rights. Therefore, the undersigned recommends dismissing Plaintiff's cause of action for denial of out-of-cell exercise at all three facilities because his allegations do

not rise to a level of constitutional deprivation, especially in light of the purposes of "locked-down status" and SMU.[6]

### 2. Adequate Food

Plaintiff's Complaint alleges that he was denied adequate meals for long periods of time while on lock-down status and that SCDC is using food as a form of punishment. ECF No. 1-1 at 3. Additionally, he alleges that SCDC served cold cuts for weeks, possibly spoiled meat, and spoiled milk which has made him constipated. *Id.*

As a general matter, the Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 102-103 (internal citation omitted). Under this Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, and medical care. . . ." *Farmer*, 511 U.S. at 832. Even so, the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *see also Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) ("[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity. Accordingly, only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim.").

Plaintiff claims that he is subjected to unpleasant conditions while on lock-down status. ECF No. 54 at 11. However, inmates are still provided with three showers a week and three meals a day while on lock-down or while in SMU. Stevenson Aff. ¶¶ 9,11, ECF No. 50-9. Plaintiff is only entitled to "adequate food." Here, Warden Stevenson avers that inmates are provided adequate meals from a menu set by a licensed dietitian to ensure that the caloric and

---

[6] The undersigned previously found that Plaintiff's allegations concerning inadequate out-of-cell exercise while housed at LCI failed to rise to a level of constitutional deprivation. *See* ECF No. 100, 5:11-cv-00132-TMC-KDW (referencing Administrator Oberman's affidavit concerning prison conditions); ECF No. 107, 5:11-cv-00132-TMC-KDW.

nutritional needs of the inmate population is met. *Id.* at ¶ 14. Additionally, the law requires that "inmates[] be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) (internal citation omitted). Other than Plaintiff's alleged constipation, Plaintiff has failed to allege or offer proof that his health is in danger. Accordingly, the undersigned recommends Defendants' Motion be granted as to Plaintiff's claim that he has been deprived of adequate food because it does not rise to the level of a constitutional violation.

### 3. Shower Access

Plaintiff's claim concerning denial of access to showers does not rise to the level of a constitutional violation because the evidence demonstrates he had access to showers three times a week. The law is clear that bathing opportunities may be severely reduced or curtailed without violating an inmate's Eighth Amendment rights. *See, e.g., Shakka v. Smith,* 71 F.3d 162, 168 (4th Cir. 1995) (finding inmate's constitutional rights were not violated when he was not given access to shower for three days); *Davenport v. DeRobertis,* 844 F.2d 1310, 1316-17 (7th Cir. 1988) (holding that restricting inmates in segregated confinement to one shower per week did not violate their constitutional rights). Therefore, the undersigned recommends dismissing Plaintiff's cause of action for denial of access to showers as it does not rise to the level of a constitutional violation.

### C. SCDC Policy Concerning Punishment of Sexual Acts

Defendants argue that Plaintiff's claim related SCDC's disciplinary procedures for sexually related offenses fails for lack of standing and for failing to identify a cognizable § 1983

claim. ECF No. 50 at 23. In Response, Plaintiff argues SCDC discriminates against heterosexuals, like himself, when enforcing the SCDC policy concerning sexual misconduct. ECF No. 54 at 9.

Plaintiff's claim is either not ripe or he lacks standing to assert it. First, Plaintiff is not claiming that he has been charged or convicted for sexual misconduct while housed at SCDC. *See* Stevenson Aff. at ¶ 26. Therefore, any perceived claim of Plaintiff is not ripe for review. *Miller v. Brown,* 462 F.3d 312, 319 (4th Cir. 2006) ("A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties."). However, to the extent Plaintiff is seeking redress for prisoners who have been punished for sexual misconduct at SCDC, he lack standing to assert another's claim. *Fisher v. King,* 232 F.3d 391, 396 n.5 (4th Cir. 2000) (requiring Plaintiff suffer an injury in fact to have standing). Accordingly, the undersigned finds that Plaintiff's cause of action concerning SCDC's disciplinary procedures for sexually-related offenses should be dismissed.

### D. Negligence Claim against Defendant Byars

Defendants argue that Plaintiff's negligence claim against Defendant Byars is not cognizable under §1983. The undersigned construes Plaintiff's negligence claim against Defendant Byars as a failure to supervise claim. Here, it appears Plaintiff named Defendant Byars based on his status as director and not on any actual interactions with Plaintiff.

"Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990), *overruled in part on*

*other grounds by Farmer*, 511 U.S. at 837 (citation omitted). To successfully pursue such a theory, Plaintiff must demonstrate that he faced a pervasive and unreasonable risk of harm from a specified source, and that the supervisor's corrective inaction amounted to deliberate indifference or tacit authorization of the offensive practices. *Id.*; *see also Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984). Plaintiff failed to show facts that establish any SCDC employee deprived him of a constitutionally-protected right. Therefore, the undersigned finds that Plaintiff has failed to establish a causal link between any action or inaction on the part of any SCDC employee. To the extent Plaintiff attempts to rely on the doctrine of supervisory liability to hold Defendant Byars liable on his claims, the undersigned recommends that summary judgment be granted to Defendant Byars as to this claim.

E. Dismissal under Prison Litigation Reform Act ("PLRA") and Strike

Defendants argue that Plaintiff's action is subject to dismissal under the PLRA, 28 U.S.C. §1915A, and should be counted as a strike against him. ECF No. 50 at 28. Plaintiff does not address the strike argument in his Response to Defendants' Summary Judgment Motion.

The PLRA prohibits inmates who have filed three or more frivolous civil actions from filing more civil actions, except in certain circumstances.[7] 28 U.S.C.A. § 1915A (b) provides: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

---

[7] 28 U.S.C. § 1915(g) provides: "in no event shall a prisoner bring *a civil action* or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

relief." The Fourth Circuit has set forth the standard for determining which cases are subject to the "three-strikes" rule. Under *McLean v. U.S.*, 566 F.3d 391 (4th Cir. 2009), a "strike" may be counted after review of the case if it is frivolous, or if it fails to state a claim upon which relief may be granted. The Fourth Circuit recently held that an action dismissed as frivolous, malicious, or failing to state a claim at summary judgment could constitute a strike under the PLRA's three-strike limitation on *in forma pauperis* proceedings. *Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013), *as amended* (Oct. 22, 2013) ("Rather, the fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g).").

Though Plaintiff filed an unartfully drafted Complaint, several of his causes of action complied with Rule 8 of the Federal Rules of Civil Procedure. Therefore, the undersigned does not recommend counting Plaintiff's civil action as a strike under the PLRA.

      F.  Plaintiff's Motion for Summary Judgment

On December 5, 2013, Plaintiff filed a Motion for Summary Judgment, ECF No. 41, asserting that Defendants disregarded the court's October 28, 2013 Order instructing them to respond to his discovery requests by November 27, 2013, *see* ECF No. 30. Plaintiff alleges this "violation of Fed. R. Civ. P. 26 by Defendant has violated the Plaintiff's Due Process rights under the Fourteenth Amendment, which guarantees Plaintiff equal protection of law. This has prejudiced the Plaintiff by denying him the liberty to present proof to this Court that he is being subjected to Cruel and Unusual Conditions. A violation of his Eighth Amendment Right under

16

the U.S. Constitution." ECF No. 41 at 2.[8] In their Response, ECF No. 44, Defendants allege that Plaintiff's Motion failed to satisfy the requirements of Federal Rule of Civil Procedure 56 and further failed to consider the court's grant of an extension until December 27, 2013 to file discovery responses, *see* ECF No. 37.

The undersigned considered Plaintiff's summary judgment arguments when evaluating Defendants' Motion for Summary Judgment. Because the court had granted Defendants an extension of time to respond to discovery when Plaintiff filed his Motion for Summary Judgment, Defendants were not in violation of Rule 26 of the Federal Rules of Civil Procedure. Furthermore the undersigned notes that Plaintiff provided nearly 400 pages of documents in response to Defendants' Motion for Summary Judgment, indicating his right to present evidence to the court was not violated. The undersigned recommends Plaintiff's Motion for Summary Judgment be denied.

---

[8] Plaintiff also alleged that Defendant Byars failed to file an Answer to the Complaint after being served on September 29, 2013. ECF No. 41 at 2. A review of the docket in this case shows that Defendant Byars timely filed his Answer on December 2, 2013. ECF No. 40.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Plaintiff's Motion for Summary Judgment, ECF No. 41, be denied, and that Defendants' Motion for Summary Judgment, ECF No. 50, be granted, and that Plaintiff's case against Defendants be dismissed.

IT IS SO RECOMMENDED.

May 30, 2014                                                                           Kaymani D. West
Florence, South Carolina                                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

18