IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jabbar J. Straws, #231018, ) | Civil Action No.: 5:13-1802-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| South Carolina Department of ) | |
| Corrections and William R. Byars, Jr., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Jabbar J. Straws ("the plaintiff"), an inmate with the South Carolina Department of Corrections, proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 against the defendants South Carolina Department of Corrections and William R. Byars, Jr. ("the defendants"), alleging violations of his constitutional rights. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this action was referred to United States Magistrate Judge Kaymani D. West for pretrial handling and a Report and Recommendation ("Report"). Judge West recommends that the plaintiff's motion for summary judgment (ECF No. 41) be denied, the defendants' motion for summary judgment (ECF No. 50) be granted, and this case be dismissed. (ECF No. 65). The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them without recitation.

## **BACKGROUND**

The plaintiff filed this action against the defendants alleging several alleged constitutional violations. On May 30, 2014, the Magistrate Judge issued a Report (ECF No. 65); and on July 8, 2014, the Clerk of Court entered the plaintiff's objections to the Report. (ECF No. 74). The court has reviewed the objections, but finds them to be without merit.

Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S. Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The plaintiff's objections generally consist of nothing more than conclusory allegations, meritless contentions, and arguments already addressed and rejected by the Magistrate Judge in her comprehensive and well-reasoned Report. Because the court agrees with the Magistrate Judge's cogent analysis of these issues, with just one exception, it need not discuss the same issues for a second time here. Therefore, the court overrules the plaintiff's objections.

As noted in the Report, "Defendants argue that Plaintiff's negligence claim against

Defendant Byars is not cognizable under § 1983." (ECF No. 65 at 14). The court agrees. Mere negligence is insufficient to give rise to a § 1983 claim. *Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999). Accordingly, because the court is dismissing all of the plaintiff's federal claims, it will decline to exercise supplemental jurisdiction over this and any other state causes of action that the plaintiff might have against the defendants so that he can pursue those claims in state court if he chooses to do so. *See* 28 U.S.C.A. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

## CONCLUSION

For these reasons, the court overrules the plaintiff's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the court that the defendants' motion for summary judgment (ECF No. 50) is **GRANTED**, the plaintiff's motion for summary judgment (ECF No. 41) is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE** so that the plaintiff can pursue any of his state claims in state court if he chooses to do so.

**IT IS SO ORDERED**.

/s/Bruce Howe Hendricks
United States District Judge

March 31, 2015
Greenville, South Carolina

\*\*\*\*\*

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

-3-